**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

 v.         Criminal No. 12-cr-110-01-JD

<u>Raymond Negron</u>

<u>**O R D E R**</u>

On March 7, 2013, the defendant appeared for a bail revocation hearing. A request to revoke bail is governed by 18 U.S.C. § 3148(b), which provides in part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is-
>
>  (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
>  (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
>  (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
>  (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b)(1)-(2). The government has the initial burden to establish the violation under 18 U.S.C. § 3148(b)(1). If the government establishes probable cause to believe the defendant committed a new "felony" offense on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2). Otherwise, the government typically has the burden to prove by a preponderance of the evidence the requirements of section 3148(b)(2)(A) or (B). United States v. Aron, 904 F.2d 221, 224 (5th Cir. 1990); United States v. Poinsett, 953 F. Supp. 37, 38 (N.D.N.Y. 1997).

Defendant contested the existence of probable cause under § 3148(b)(1)(A). United States Probation Officer Christopher H. Pingree testified as a witness for the government. Following the hearing, the court issued an oral ruling and detailed explanation finding that the government met its burden of proving probable cause.

The government next argued for revocation under § 3148(b)(2)(B). Defendant contested revocation and argued for release on the same conditions previously imposed. After

carefully considering the arguments of counsel and the statement of the defendant, the court issued an oral ruling and detailed explanation, finding that defendant is a danger to the community and, under § 3148(b)(2)(B), is unlikely to abide by any condition or combination of conditions of release that would protect the community.

In sum, for all of the reasons stated on the record, the court finds that the government met its burden under both 18 U.S.C. §§ 3148(b)(1)(A) and 3148(b)(2)(B), and that revocation of bail is warranted.  The conditions of release are therefore revoked.

Accordingly, it is **ORDERED** that the defendant be detained. The defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United

States Marshal for the purpose of an appearance in connection with a court proceeding.

    **SO ORDERED.**

                                  _____
                                  Landya B. McCafferty
                                  United States Magistrate Judge

March 7, 2013

cc:  Bruce E. Kenna, Esq.
     Jennifer C. Davis, Esq.
     U.S. Probation
     U.S. Marshal